UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:14-cr-486-T-23TBM
　　　　　　　　　　　　　　　　　 8:16-cv-1699-T-23CPT
DANI MUNOZ-GUZMAN
_____/

**ORDER**

Dani Munoz-Guzman timely moves (Doc. 1) under 28 U.S.C. § 2255 to vacate his sentence. The United States responds (Doc. 5), and Munoz-Guzman replies (Doc. 6).

**Background**

In a written plea agreement, Munoz-Guzman admits that he and three conspirators purchased stolen credit card and debit card information, used counterfeit cards to purchase fuel, and re-sold the fuel at a discounted rate. (Crim. Doc. 97 at 17–18) Munoz-Guzman pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Munoz-Guzman received a below-guidelines sentence of 78 months' imprisonment and was ordered to pay $174,003.74 in restitution.

**Discussion**

Munoz-Guzman claims ineffective assistance, a difficult claim to sustain. To demonstrate that counsel was constitutionally ineffective, a movant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

**1.    Ineffective assistance at sentencing**

Citing an "intended loss" of more than $400,000.00, the PSR applied a fourteen-level increase to the base offense level under United States Sentencing Guidelines, Section 2B1.1(b)(1). Munoz-Guzman claims that counsel rendered deficient performance both by failing to discuss with him "actual loss" and by failing to object to the fourteen-level increase.

Counsel reasonably declined to discuss the actual loss. Application Note 3A to Section 2B1.1 explains that "loss" means "the greater of actual loss or intended loss." In Munoz-Guzman's case, the intended loss of more than $400,000.00 exceeds the actual loss of $170,571.49. (Crim. Doc. 97 at 17–18)  The intended loss controls.

Also, counsel reasonably declined to challenge the intended loss. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Munoz-Guzman admits (Crim. Doc. 97 at 17) using information from 639 credit or debit cards. The PSR multiplied 639 by a

$1,000 per-device loss amount, which was established during the sentencings of Munoz-Guzman's conspirators. (Doc. 131 at ¶ 40) Munoz-Guzman identifies no plausible basis on which counsel could have objected to the intended loss calculation.

Moreover, Munoz-Guzman's experienced defense counsel reasonably declined to raise an objection that could jeopardize a downward adjustment for acceptance of responsibility. Counsel instead advanced a number of other arguments in favor of a lower sentence and ultimately secured Munoz-Guzman a below-guidelines term of imprisonment.[1] *See Harrington v. Richter*, 562 U.S. 86, 109 (2011) ("There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect."); *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998) ("Our strong reluctance to second guess strategic decisions is even greater where those decisions were made by experienced criminal defense counsel.")

## 2. Ineffective assistance for failing to request a restitution hearing

Munoz-Guzman next claims that counsel failed to request a restitution hearing and failed to contest the restitution amount. Binding authority prohibits Munoz-Guzman challenging restitution through an ineffective-assistance claim. *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009).

---

[1] Counsel objected to a two-level enhancement under Section 2B1.1(b)(10)(B), counsel requested a two-level minor-role reduction under Section 3B1.2, and counsel requested a downward variance based on the 18 U.S.C. § 3553(a) sentencing factors. (Doc. 131, Doc. 135, Doc. 152)

### 3. Ineffective assistance on appeal

After filing a notice of appeal, Munoz-Guzman's counsel moved to withdraw because Munoz-Guzman was dissatisfied with counsel's performance. The magistrate judge granted the motion and appointed new counsel. Munoz-Guzman claims ineffective assistance by appellate counsel because he "was pushed aside by his attorney on his direct appeal only with a letter, stating that his written plea agreement contains a sentence and appeal waiver." (Doc. 6 at 2)

Counsel's letter to Munoz-Guzman (Civ. Doc. 6-2) explains that the plea agreement's appeal waiver precludes a direct appeal and offers to withdraw the appeal or to file an *Anders* brief. Munoz-Guzman does not dispute that he directed counsel to voluntarily dismiss the appeal. (Cr. Doc. 154)

Munoz-Guzman instead argues that counsel failed to discover a Ninth Circuit decision, *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016), which remands for re-sentencing based on Amendment 794. Construed charitably, Munoz-Guzman appears to maintain that counsel should have advanced on appeal Munoz-Guzman's entitlement to a minor-role reduction under Amendment 794, which "clarified the factors to consider for a minor-role adjustment." *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016) (citing *Quintero-Leyva*, 823 F.3d at 521).

Even if this claim (which Munoz-Guzman articulates for the first time in his reply) relates back to the initial motion to vacate, Munoz-Guzman demonstrates

- 4 -

neither deficient performance nor prejudice.  Assuming that the plea agreement's appeal waiver (Crim. Doc. 97 at 14–15) was knowing and voluntary, counsel correctly advised that the appeal waiver precludes a sentencing challenge on direct appeal. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005).  Munoz-Guzman claims neither that the United States' appeal waiver is invalid nor that appellate counsel knew or should have known that the appeal waiver is invalid.[2]

To the extent Munoz-Guzman attempts to bring a non-constitutional challenge based on Amendment 794, that claim likewise fails.  Because Amendment 794 is a clarifying amendment, *Cruickshank*, 837 F.3d at 1194, Munoz-Guzman's claim "can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) (internal quotation marks and brackets omitted).  For the reasons stated at the sentencing hearing (Crim. Doc. 152 at 11–16), Munoz-Guzman establishes no fundamental defect based on denial of the minor-role reduction.

---

[2] Munoz-Guzman mentions (Doc. 6 at 1) that trial counsel "knew that his plea agreement contained an appeal waiver, yet she did nothing about it." To the extent Munoz-Guzman denies knowing about the appeal waiver, the plea colloquy conclusively demonstrates Munoz-Guzman's knowledge. The magistrate judge reviewed the appeal waiver in detail, and Munoz-Guzman stated that he understood the appeal waiver. (Crim. Doc. 151 at 35–37)

## Conclusion

The motion to vacate (Doc. 1) is **DENIED**. Because Munoz-Guzman's claims are patently frivolous, Munoz-Guzman's request for an evidentiary hearing is **DENIED**. 28 U.S.C. § 2255(b); *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017).

Munoz-Guzman's motion for a copy of the docket sheet (Doc. 8) is **GRANTED**. The clerk must send to Munoz-Guzman a copy of the docket sheet.

The clerk is directed to enter a judgment against Munoz-Guzman and to **CLOSE** this case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Munoz-Guzman fails to show that reasonable jurists would debate the merits of the procedural issues or the merits of the claims, a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2); *Lambrix v. Sec'y, Fla. Dep't of Corrs.*, 851 F.3d 1158, 1169 (11th Cir. 2017). Leave to appeal *in forma pauperis* is **DENIED**. Munoz-Guzman must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 27, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE